### BERGER v. INDEPENDENT BROTHERS OF NIESHWIS.

(Supreme Court, Appellate Term, First Department. June 3, 1914.)

INSURANCE (§ 791*)—MUTUAL BENEFIT INSURANCE—BY-LAWS—CONSTRUCTION.

A by-law of a society provided: "When a good standing brother's wife dies, then the brother gets $100 endowment, * * * and the brother can receive no further endowment for the wife. When a good standing brother dies, the heirs get $300 endowment. When a deceased member

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leaves a second wife, or no wife at all, then the heirs get $200 endow-ment." *Held*, that the terms "first wife" and "second wife" related to the matrimonial condition of the member after assuming membership; and hence, though plaintiff was a member's second wife, yet, as she became so before her husband became a member, no payment having been made on account of the death of the first wife, the heirs were entitled to $300.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1961, 1962; Dec. Dig. § 791.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Chave Berger, administratrix, against the Independent Brothers of Nieshwis. From a judgment for plaintiff for $200, she appeals. Modified and affirmed.

Argued May term, 1914, before GUY, BIJUR, and PENDLE-TON, JJ.

Joshua S. Shapiro, of New York City, for appellant.

Kleiner & Kleiner, of New York City (Jacob M. Cohen, of New York City, of counsel), for respondent.

GUY, J. Plaintiff appeals from a judgment in her favor on the ground of insufficiency. The action is brought to recover the endowment due upon the death of a member of defendant society to his wife or heirs. The by-law of the defendant society provides as follows:

"When a good standing brother's wife dies, then the brother gets $100 endowment, * * * and the brother can receive no further endowment for the wife. When a good standing brother dies, the heirs get $300 endowment. When a deceased member leaves a second wife, or no wife at all, then the heirs get $200 endowment."

It appears from the evidence that plaintiff was married to the member in question prior to his becoming a member of defendant society, and that he had previously been married; his first wife having died before he became such member. The learned trial justice held that under the last clause of the by-law only $200 endowment was due, because of the fact that the plaintiff was the second wife of the deceased member. This construction of the by-law is clearly erroneous. The purpose and intent of the provision as to wives is to prevent the payment of more than $100 on account of a wife—in other words, that the total endowment should, under no circumstances, exceed the sum of $300; that in the event of a member having no wife, the $300 should go to the heirs; that in the event of his having had one wife, who died, and on account of whose death he has received $100, there shall be no further payment, but simply the payment of $200 to the heirs. In other words, the terms "first wife" and "second wife" relate to the matrimonial condition of the member after assuming membership, and are not intended to penalize him and reduce the endowment which his heirs shall receive because, prior to his becoming a member of the society, he happened to have other matrimonial experiences.

The judgment must therefore be modified, by increasing the amount thereof to $300 and costs, and, as so modified, affirmed, with costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes